UNITED STATES COURT

SOUTHERN DISTRICT OF INDIANA

FILED
MAR 27 2023
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

PLAINTIFF,
Marc Beren Reeder, Pro Se

Defendants
Tasha Taylor, Brett Witter
Mark McCleese, James Thomas,
Unknown Supervisor of United
States Probation Office of
Southern District of Indiana

COMPLAINT FOR:
VIOLATION OF CONSTITUTIONALLY
PROTECTED RIGHTS BY UNITED
STATES AGENTS UNDER COLOR OF
LAW

1:23-cv-0528 JRS-TAB

STATEMENT OF FACTS FOR ALL CAUSES OF ACTION

FACTS:

1. PLAINTIFF is Marc Beren Reeder whose address is 2823 Meredith Avenue in Indianapolis, Indiana.

2. DEFENDANTS are Tasha Taylor, Brett Witter, Mark McCleese, James Thomas, and an Unknown Supervisor of the United States Probation Department of the Southern District of Indiana in their official capacities as probation officers whose duty is to supervise persons released from federal prison with additional sentences of supervised release, whose offices are located in the Birch Bayh federal court building located at 46 East Ohio Street in Indianapolis, Indiana.

3. PLAINTIFF is a person sentenced in federal court to a term of supervision.

4. This suit is brought under Bivens v. Six Unknown Fed. Narcotics Agents [91 S.Ct. 1999, 29 LED 2D 619, 403 US 388] which holds that "a violation...of a federal agent acting under color of federal authority, gives rise to a federal cause of action for damages consequent upon the agent's unconstitutional conduct."

COUNT 1

(Paragraphs 1-4 to be included)
5. In violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution, U.S. Probation agents acting in their official capacities denied Plaintiff, and others similarly situated, access to the internet, an indispensible resource for existing and participating in modern day living.

6. The probation department, through its agents, enforced this policy of restricting access from June 5, 2015 until April 20, 2021.

7. One of the conditions of Plaintiff's release instated by the court reads in part: "You shall consent to having installed on your computers and electronic devices, at the direction of the probation officer, systems to monitor your use of these items..."

8. On or about June 5, 2015 Plaintiff met with Defendant Tasha Taylor in her official capacity as a probation officer in her office, where Plaintiff expressed his desire to utilize his past employment history, specialized knowledge and education to secure a position in the Indianapolis area in the IT industry developing websites and web applications, which at that time would pay a living salary around $70,000 to $80,000 per year.

9. Defendant Taylor then explained that the probation office had a policy that would not allow Plaintiff to access the internet at all for several years and that Plaintiff should remain at his current employment working part-time at a fast food restaurant for $8.50 per hour.

10. Plaintiff pointed out to Defendant Taylor that there was no restriction on Plaintiff accessing the internet, only that it must be monitored to which Defendant Taylor replied that she refused to discuss access to the internet or monitoring any further at that time.

11. On subsequent meetings with Defendant Taylor that occurred monthly from that time forward Plaintiff continued to inform her that not having access to the internet in any capacity was limiting Plaintiff's ability to function by hindering access to employment, public services, health care, etc. where Defendant Taylor again refused to even consider "allowing" access repeating that the probation office's policy was for Plaintiff to have completed several years of counseling prior to gaining access to any internet enabled devices.

12. In May of 2016 Plaintiff was reassigned to probation officer Brett Witter and discussed once again getting access to the internet on several separate occasions to which Defendant Witter denied any possibility due to the policy of the probation department.

13. Plaintiff continued to work at two low skill, low wage jobs seven days a week in order to earn enough to live despite the fact of being college educated from June of 2016 until August of 2018.

14. At nearly every monthly meeting with the Defendant Witter Plaintiff raised the issue of his dissatisfaction with working jobs he was overqualified for and not being able to continue a better career path but was continually encouraged to seek only low skill and low wage jobs by the Defendant.

15. On or around May of 2018 Plaintiff was reassigned to Defendant Mark McCleese as a probation officer. Mr. McCleese continued the same policy.

16. On April 10, 2020 Plaintiff was once again assigned to Defendant Tasha Taylor who again continued the policy of not allowing access to any internet enabled devices.

17. In December of 2020 Plaintiff was reassigned to James Thomas as a probation officer.

18. On January 11, 2021 Defendant Thomas conducted a search of the residence of Plaintiff and discovered a smart phone, which was confiscated as contraband.

19. Approximately March 14, 2021 at the home of Plaintiff Defendant Thomas and Plaintiff discussed the smart phone and Plaintiff once again pointed out that the probation department did not have the authority to ban access to internet devices and that they were allowed if monitored where Defendant Thomas pointed to the wording that says, "at the direction of the probation officer" in the specific condition of release (see paragraph 7) that gave him that authority.

20. Approximately April 20, 2021 Plaintiff contacted the court directly by letter in reference to the restriction of access to the internet asking for relief by clarifying the condition of release (par. 7) to the probation department; i.e. that the access was not determined by the probation department but allowed access as long as it was monitored.

21. On or about April 26, 2021 Plaintiff was contacted by Defendant Thomas who notified him that the court agreed with the letter and that he would be returning the confiscated smart phone as long as it has monitoring software installed.

Wherefore Plaintiff demands that this Court enter judgement in his favor and against defendants in the amount of $680,000 for lost potential wages and benefits and punitive damages in the amount of $10,000,000.

## VERIFICATION

I, Marc Beren Reeder, state that I am the plaintiff in this action and verify the statements made in the foregoing complaint are true and correct to the best of my knowledge, information, and belief.

Date 3/21/2023

Signed Marc Beren Reeder

Plaintiff respectfully requests leave to amend this cause of action if necessary.

2823 Meredith Ave
Indianapolis, IN 46201